# LINDMARK v. DE FERRANTI.

PATENTS; PRELIMINARY STATEMENT; EQUITY PRACTICE.

1. The preliminary statements by parties in interference constitute the pleadings of the parties, who are held strictly thereto in the matter of proof. (Following *Hammond* v. *Basch,* 24 App. D. C. 469.)

2. Where an equity cause is set down for hearing on plaintiff's exceptions to the answer, the only question to be decided is the sufficiency of the answer, and no final decree can be entered against either party, unless he declines or omits to plead further.

3. A motion by the senior party to an interference for a judgment on the record, in view of the record dates of the parties and the allegations of the junior party in his preliminary statement, is in the nature of an exception to the sufficiency of such preliminary statement, and where this court reverses a decision of the Commissioner granting the motion,—without, however, making any award of priority,—the senior party has the right to proceed upon the issues of fact by moving for leave to take testimony; and this right is not lost by his having entered into a stipulation with the junior party in accordance with a requirement by the Examiner of Interferences and as a prerequisite to the motion being entertained, relating merely to the identity of the parties, adding no material fact not admitted by the motion itself, and containing nothing to show that it was intended to be an agreed case. (Citing *De Ferranti* v. *Lindmark,* 30 App. D. C. 417; *De Ferranti* v. *Lindmark,* 32 App. D. C. 6; *Moore* v. *United States,* 33 App. D. C. 597.)

No. 625.    Patent Appeals.    Submitted January 18, 1910.    Decided February 1, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                *Reversed.*

The facts are stated in the opinion.

*Mr. George R. Hamlin, Mr. Frank S. Busser,* and *Mr. George J. Harding* for the appellant.

*Messrs. Spear, Middleton, Donaldson, & Spear* and *Mr. Melville Church* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This case began in an interference declared in the Patent Office on August 8, 1905. Both parties are aliens, and made their inventions in their respective countries,—Tore G. E. Lindmark in Sweden, and Sebastian De Ferranti in England. The invention of which they claim priority is an improvement in exhaust heaters for compound motors. Lindmark filed his application January 16, 1903. De Ferranti filed originally October 31, 1903, and the application involved in interference is a division thereof filed March 9, 1905. Lindmark received a patent November 1, 1904. His preliminary statement alleged conception of the invention in Sweden on June 1, 1902, and application for a patent thereon in Sweden on June 18, 1902, and in Germany on November 5, 1902. He further alleged that he communicated his invention to an agent in New York on October 15, 1902, for the purpose of applying for a United States patent. De Ferranti alleged conception in England in March, 1902, and the issue of a British Patent April 26, 1904, on an application filed November 11, 1902; also another British patent of June 14th, 1904, on an application filed April 2, 1903. He also gave a list of patent applications depending in many foreign countries.

A time was fixed in the Patent Office for the bringing of motions and taking of testimony. March 20th, 1906, a stipulation was filed extending time for filing motions to May 1, providing that no testimony be taken before May 1, 1906, and the rebuttal be closed September 19, 1906. On March 23, 1906,

Lindmark moved for a judgment of priority "upon the record dates of Lindmark and De Ferranti herein, and upon the allegations of De Ferranti in his preliminary statement." It appears from the statement of counsel, though the record is silent, that the Examiner of Interferences demanded the execution of a stipulation before entertaining the motion, and the following was executed by the parties and filed on March 28, 1906:

"It is hereby stipulated and agreed by and between the respective parties to the above-entitled interference that the parties De Ferranti and Lindmark, who are involved in this interference, are the same parties, De Ferranti and Lindmark, who filed the applications for foreign patents specified in the oaths attached to their respective United States applications and in their preliminary statements, and that the De Ferranti and Lindmark named herein are the same De Ferranti and Lindmark named in interference No. 25,459."

The Examiner of Interferences sustained the motion and awarded priority to Lindmark. Lindmark having filed his United States application before the act of March 3, 1903, relating to foreign applications and patents, it was, indeed, contended by him that he was entitled to the benefit of his foreign application. His chief contention, however, was that De Ferranti, although claiming a United States patent after the date of the act aforesaid, could have no benefit under that act of his foreign application filed prior thereto. The Examiner of Interferences took this view, and the conclusion followed that Lindmark, having filed in the United States Patent Office prior to De Ferranti, was entitled to a judgment of priority on the record. His decision was affirmed in turn by the Examiners-in-Chief and the Commissioner. On appeal to this court the decision was reversed, the court being of the opinion that, by a proper construction of the act of 1903, De Ferranti was entitled to the benefit of his foreign application. The stipulation before referred to was not embraced in the transcript on that appeal, and therefore cut no figure in the disposition of it. As stated in the opinion of the court, delivered by Mr.

Justice Van Orsdel, the appeal was from a decision award-
ing priority of invention to the appellee (Lindmark) "on a
motion for a judgment on the record." It was also stated:
"The only issue before us is the construction to be placed upon
the act of Congress of March 3, 1903." The judgment ordered
to be entered was that "the Commissioner of Patents is re-
versed." See *De Ferranti* v. *Lindmark,* 30 App. D. C. 417.

After the receipt of the mandate in the Patent Office, Lind-
mark filed a motion to have a time set for taking testimony in
the case. This was denied March 13, 1908, by the Examiner
of Interferences, because in his opinion the decision of this
court was a final determination of the case on the merits, and
that it could not be reopened for the taking of testimony. On
appeal to the Commissioner the action of the Examiner of In-
terferences was affirmed. Then, in May, 1908, Lindmark peti-
tioned this court to instruct the Commissioner that its judg-
ment was not a final one, awarding priority, and that he be
allowed to proceed with the taking of testimony. This was
denied on the ground that this court had no original jurisdic-
tion to issue instructions to the Commissioner. See 32 App.
D. C. 6. The only order entered, it will be observed, was a
denial of Lindmark's motion. No final order awarding prior-
ity to Lindmark, and ordering his patent to issue, was made.
On November 14, 1908, Lindmark filed in the supreme court
of the District a petition for a writ of mandamus to compel
the Commissioner to vacate said order and to issue the notice
to take testimony. A judgment granting the writ as prayed
was rendered, but the same was reversed on appeal to this court
on November 2, 1909. See *Moore* v. *United States,* 33 App.
D. C. 597. This court found that the Commissioner had en-
tertained Lindmark's motion and decided it, but had entered
no final order disposing of the case by a final award of priority
to De Ferranti. It was said: "All that remained to be done
by the Commissioner to give effect to the conclusion expressed
in his decision on the motion was to render such a final order or
decision. Had this been done Lindmark would have had a right
of appeal to this court, in which the action of the Commission-

er in the premises could be reviewed.  But he did not wait for the entry of the final order, and seeks to review the action of the Commissioner on his motion through this proceeding by mandamus.  He should have awaited that order which has apparently been postponed by this proceeding, and then appealed."

Prompted, apparently, by the language quoted, on November 5, 1909, Lindmark moved the Commissioner to enter a final order that he might take an appeal therefrom.  The Commissioner thereupon entered the final order, reciting the history of the case and adjudging that De Ferranti is the prior inventor of the invention of the issue, that Lindmark's patent does not constitute a bar to the grant of a patent to De Ferranti containing claims corresponding to those of the issue, and that De Ferranti's application be allowed.  The case is now before this court on appeal taken by Lindmark from that order.

The conditions herein above set forth render it necessary to construe the opinion, and the effect of the resulting judgment of this court reversing the decision of the Commissioner on the motion of Lindmark for judgment on the record.  30 App. D. C. 417.

This was not settled by the action of the court in refusing to instruct the Commissioner, on the petition of Lindmark therefor, that it was not to be construed as a final determination of the question of priority.  32 App. D. C. 6.  As was said in *Moore* v. *United States,* supra:  "The dismissal of the petition of Lindmark for a construction of the decision as entered in that case was not intended as a determination of the question involved."  When that petition was filed the time had long since elapsed within which, under the rule relating thereto, a motion for rehearing, or to amend the judgment, could be entertained.  The decision had been certified to the Commissioner for his action as required by the statute governing such proceedings.  The *ex parte* application was for an opinion instructing the Commissioner, which the court had no power to give.

If there had been nothing in the original case but the motion for judgment on the record, there can be no doubt that the judg-

ment should be limited to a determination of that question alone. There is no special rule of the Patent Office regulating the procedure on such a motion, and it is therefore governed by the general provision of rule 153, that "in contested cases the practice on points to which the rules shall not be applicable will conform as near as possible to that of the United States courts in equity proceedings." The purpose of requiring preliminary statements by the parties in interference is that the issues upon which priority depends shall be specifically presented. They constitute the pleadings of the parties, who are held strictly thereto in the matter of proof. *Hammond* v. *Basch,* 24 App. D. C. 469–473, and cases therein cited.

The dates of the respective applications form a part of the record, and determine upon which party is cast the burden of proof. De Ferranti being the junior party by reason of his later date, his preliminary statement is somewhat analogous to an answer to the statement of the senior party. The motion for judgment on the record thus made was analogous to an exception to the answer for insufficiency, which is common in the equity practice in the United States courts. The hearing on such an exception is not a hearing on bill and answer. *Re Sanford Fork & Tool Co.* 160 U. S. 247–257, 40 L. ed. 414–417, 16 Sup. Ct. Rep. 291. In that case plaintiff excepted to the answer. This was sustained, and the defendant declining to plead further, decree was entered granting the relief prayed in the bill. This decree was reversed on appeal to the Supreme Court. On return of the mandate the plaintiff was permitted to file a replication to the answer, but further proceedings were stayed to permit an application for mandamus to be made to the Supreme Court. Defendant filed his petition, praying a writ of mandamus to the circuit court to compel the entry of a final decree in his favor in accordance with the mandate. This was refused. In the course of the opinion of Mr. Justice Gray it was said: "For the purpose of the hearing upon exceptions to an answer, the facts alleged in the bill and in the answer must indeed be considered as admitted, and only matter of law is presented for decision, as in a case set down for hearing upon

bill and answer. But the difference between the two cases is this: When a case in equity is set down for hearing on bill and answer, the whole case is presented for final decree in favor of either party. But when the matter set down for hearing is the plaintiff's exceptions to the answer, the case is not ripe for a final decree; the only question to be decided is the sufficiency of the answer; and no final decree can be entered against either party, unless it declines or omits to plead further. * * * If the circuit court, instead of sustaining the exceptions to the answer, had overruled those exceptions, the plaintiffs would have had the right to file a replication, and the bill could not be dismissed unless and until they neglected to file one. When the decree of the circuit court sustaining the plaintiffs' exceptions to the answer, and (because the defendants declined to plead further) granting to the plaintiff the relief prayed for in the bill, was reversed by this court, the only matter which was or could be decided by this court, upon the record before it, was that the answer was sufficient. This court, in so deciding, could go on further than the circuit court could have done, had it made the like decision. Neither the circuit court, nor this court, upon adjudging that the answer was sufficient, could, without any consent or neglect on the part of the plaintiffs, deprive them of their right, under the general rules in equity, to file a replication."

We have quoted at length from the opinion in that case because what is said is directly applicable to the conditions of this case. The motion, being in the nature of an exception to the sufficiency of De Ferranti's statement, was an admission of the facts stated therein, and a contention that nevertheless, as a matter of law, Lindmark was entitled to an award of priority without the taking of testimony. The motion raised, and could only raise, two questions of law: First, whether Lindmark had the right to claim the benefit of his foreign application, which antedated the foreign application of De Ferranti; and second, if not, then, whether De Ferranti was entitled to rely upon his British application to establish a date of invention prior to Lindmark's United States application. Had the

motion been denied in the Patent Office, no replication being required under the practice, Lindmark could only have indicated his intention to proceed upon issues of fact by moving for leave to take testimony; and this he had a right to do after the decision of this court, which, it will be remembered, did not undertake to make any award of priority, but simply reversed the decision of the Commissioner.

Thus far we have proceeded upon the assumption that there was nothing before the Patent Office tribunals or the court, except the motion for judgment, and it remains to consider whether the situation is changed by reason of the stipulation which was entered into before the motion was heard. The contention of the appellee is that, by entering into this stipulation, Lindmark substantially waived all other issues, and submitted the whole case on the question raised by the motion. The contention is, in other words, that the stipulation amounted to an agreed case, and that the submission was the equivalent of a submission on bill and answer in equity. If such was the effect the Commissioner was right in regarding the decision thereon as a final determination of the case.

We are unable to concur in this view. The stipulation contains no language expressing any such purpose. It adds no material fact not already admitted by the motion itself. It stipulates nothing but that the parties who filed the respective foreign applications were the same De Ferranti and Lindmark who filed the conflicting United States applications. Its requirement by the Examiner of Interferences, preliminary to the entertainment of the motion, was wholly unnecessary.

We perceive nothing in this stipulation to preclude the idea that Lindmark would undertake to prove facts entitling him to an award of priority in case of defeat on the legal proposition. If right in his view of the law, the taking of testimony was unimportant as well as unnecessary; if wrong it could be proceeded with later without prejudice to either party. That De Ferranti regarded the stipulation as of no importance is clearly shown by his omission of it in the record of the original appeal, in which his view of the legal proposition was upheld. The

opinion of this court, in deciding that appeal, shows that the single question regarded as involved therein was the construction of the act of March 3, 1903, and the judgment thereon simply reversed the decision of the Commissioner on the motion. It is unfortunate that the possible effect of that judgment was not called to the attention of the court in time so that it could then have been completely settled.

To give this meager and inconsequential stipulation, under the conditions presented, the effect of an agreed case, waiving all issues but the one embraced in the motion to which it is ancillary, would work injustice that we cannot sanction.

For the reasons given, the decision will be reversed; and this decision will be certified to the Commissioner of Patents as the law requires. *Reversed.*